UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL SLOAN MULLER,

    Petitioner,                                       Case No. 18-cv-12788
                                                      Hon. Matthew F. Leitman

v.

J.A. TERRIS,

    Respondent.
_____/

## ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 6)

Petitioner Michael Sloan Muller is a federal prisoner incarcerated at the Federal Correctional Institution in Milan, Michigan ("FCI Milan"). On September 7, 2018, Muller filed a petition for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2241 ("Section 2241"). (*See* Pet., ECF No. 1.) Muller argues that the district court incorrectly calculated his sentencing guidelines. (*See id.*) Respondent filed a motion to dismiss the petition on the ground that Muller waived his right to challenge his sentence as part of a plea agreement. (*See* Mot., ECF No. 6.) The Court agrees. Therefore, the Court **GRANTS** Respondent's motion and **DISMISSES** the petition.

1

# I

In 2008, a grand jury in this district indicted Muller on three counts of armed bank robbery, in violation of 18 U.S.C. § 2113(a) & (d), and three counts of using, carrying, and brandishing a firearm during the commission of a crime of violence, in violation of 18 U.S.C. § 924(c). (*See* Indictment, *United States v. Muller*, E.D. Mich. Case No. 08-cr-20009, ECF No. 10.) On December 17, 2018, pursuant to a Rule 11 Plea Agreement, Muller pleaded guilty to one count of armed bank robbery and one count of using, carrying, and brandishing a firearm during the commission of a crime of violence, and the remaining charges were dismissed. In that plea agreement, Muller waived his right to challenge both his conviction and his sentence in any post-conviction proceeding:

> Defendant understands that defendants generally have the right collaterally to attack their convictions and sentencing by filing post-conviction motions, petitions, or independent civil actions. As part of this agreement, however, defendant knowingly and voluntarily <u>waives</u> that right and agrees not to contest his/her conviction or sentence in <u>any</u> post-conviction proceeding, <u>including – but not limited to</u> – any proceeding under 28 U.S.C. § 2255.

(Rule 11 Plea Agreement, E.D. Mich. Case No. 08-cr-20009, ECF No. 40, PageID.134; first emphasis in original; second and third emphasis added).

On January 28, 2009, a Judge of this court sentenced Muller to 108 months' imprisonment for bank robbery and a consecutive term of 60 months' imprisonment

for using, carrying, and brandishing a firearm. (*See* Judgment, E.D. Mich. Case No. 08-cr-20009, ECF No. 42.)

In September 2012, Muller filed a petition for a writ of habeas corpus under Section 2241 in the Middle District of Pennsylvania.[1] He raised a single ground for relief: the sentencing judge erroneously calculated the sentencing guidelines range. The Pennsylvania district court dismissed the petition because, among other things, under the terms of Muller's plea agreement, Muller waived his right to challenge his sentence in a Section 2241 petition:

> Thus, Petitioner's plea agreement bars any collateral attack on Petitioner's sentence, as the waiver is "not limited to" proceedings under § 2255, but applies to all petitions for *habeas corpus.* This waiver, provided by Petitioner, expressly prohibits Petitioner from filing any collateral proceeding pertaining to his conviction <u>and</u> sentence.

*Muller v. Sauers*, 2012 WL 12895897, at *2 (M.D. Pa. Nov. 29, 2012).

Muller appealed, and the United States Court of Appeals for the Third Circuit affirmed. *See Muller v. Sauers*, 523 F. App'x 110 (3d Cir. 2013). Like the district court, the Third Circuit concluded, among other things, that the waiver provision of Muller's plea agreement "foreclose[d] relief" under Section 2241. *Id.* at 112-13. The

---

[1] Muller filed the petition in the United States District Court for the Middle District of Pennsylvania because, at that time, he was incarcerated at a federal facility in that judicial district.

3

Third Circuit also saw "no indication that the waiver should not be enforced." *Id*. at 112 n. 1.

Six years after losing in the Third Circuit, Muller filed his Section 2241 petition in this action. He filed here because he is now held in custody at FCI Milan, in this judicial district. Muller again claims that his sentence is invalid as a result of a sentencing guidelines calculation error – specifically, the purported failure of the sentencing judge to apply U.S.S.G. Amendment 599. (*See* Pet., ECF No. 1, PageID.4.)

On January 22, 2019, Respondent moved to dismiss the petition on the basis that the waiver in Muller's plea agreement precludes him from challenging his sentence under Section 2241. (*See* Mot., ECF No. 6.)

On May 3, 2019, Muller filed a "Traverse" in response to the motion to dismiss. (*See* Traverse, ECF No. 8.) In that filing, Muller contends that the waiver in his plea agreement does not bar his claim for relief here because the waiver covers only challenges to his "sentence[]," and he is now challenging the legality of his continued unlawful "detention." (*Id.*, PageID.26.)

After reviewing the motion to dismiss and Muller's Traverse, the Court ordered Respondent to file a supplemental brief concerning the impact of the waiver in Muller's plea agreement, and the Court offered Muller the opportunity to file a

reply. (*See* Order, ECF No. 9.) Respondent filed his supplemental brief on July 10, 2019. (*See* Respondent's Supp. Br., ECF No. 10.) Muller did not file a reply.

## II

This Court agrees with the Pennsylvania district court and the Third Circuit that Muller has waived his right to challenge his guidelines calculation in a Section 2241 petition. The waiver provision of Muller's plea agreement is broad and unequivocal: it waives Muller's right to "contest his … sentence in *any* post-conviction proceedings, *including – but not limited to –* any proceeding under 28 U.S.C. §2255." (Rule 11 Plea Agreement, E.D. Mich. Case No. 08-cr-20009, ECF No. 40, PageID.134; emphasis added.) Like the Third Circuit, this Court concludes that the broad waiver "forecloses" Muller from seeking "relief" from his sentence under Section 2241. *Muller*, 523 F. App'x at 112-13.

Muller's only response is that the waiver does not apply because he is challenging the legality of his continued "detention" rather than challenging the legality of his "sentence." (Traverse, ECF No. 8, PageID.26.) That is a distinction without a difference. It is, of course, Muller's sentence that is responsible for his continued detention. Thus, Muller's purported challenge to his detention is actually a challenge to his sentence – one that he expressly waived. And, like the Third

Circuit, this Court sees no reason not to enforce Muller's waiver.[2] Accordingly, the Court will dismiss Muller's petition.[3]

---

[2] The Third Circuit saw "no merit to Muller's claim of an error during sentencing," *Muller,* 523 F. App'x at 112 n.1, and Muller has yet to persuade this Court that the sentencing court committed an error. As the Third Circuit noted, in prior proceedings in Muller's underlying criminal case in this Court, two judicial officers determined that Muller's sentence was not inconsistent with U.S.S.G. Amendment 599. (*See* Report and Recommendation, E.D. Mich. Case No. 08-cr-20009, ECF No. 62 at PageID.319-321; Order Adopting Report and Recommendation, ECF No. 63.) Muller has not shown any error in the prior rejection of his similar arguments under U.S.S.G. Amendment 599.

[3] Dismissal of Muller's current habeas petition is also appropriate because a habeas petitioner may challenge the legality of his sentence under Section 2241 only where a motion under 28 U.S.C. § 2255 ("Section 2255") would be "inadequate or ineffective," 28 U.S.C. § 2255(e), and Muller has failed to make the required showing of inadequacy. More specifically, he has failed to show that a motion under Section 2255 is inadequate or ineffective where, as here, a habeas petitioner has waived his right to bring such a motion. And there is authority for the proposition that a waiver of the right to seek post-conviction relief under Section 2255 does not necessarily render a motion under that provision inadequate or ineffective. *See, e.g., Rivera v. Warden*, 27 F. App'x 511, 515 (6th Cir. 2001); *Johnson v. Warden*, 551 F. App'x 489, 491 (11th Cir. 2013); *Mabry v. Warden*, 639 F. App'x 134, 136 (3d Cir. 2016).

## III

Muller's plea agreement forecloses any collateral attack on his sentence. Therefore, the Court **GRANTS** Respondent's motion to dismiss (ECF No. 6), and it **DISMISSES WITH PREJUDICE** Muller's petition for a writ of habeas corpus (ECF No. 1).

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: September 9, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 9, 2019, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764